IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN ROSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-12-3495 |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |
| and BRETT SOETY, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Nationwide Property and Casualty Insurance Company ("Nationwide") removed this action from the 400th Judicial District Court of Fort Bend County, Texas, where it was filed under Cause No. 12-DCV-201761.   Pending before the court is Plaintiff John Ross's Opposed First Amended Motion to Remand and Memorandum in Support ("Motion to Remand") (Docket Entry No. 11).   Because the court lacks subject matter jurisdiction over this action, the court will grant the motion.

## I.  Background

### A.  Facts and Allegations

Ross alleges that he obtained a homeowner's insurance policy from Nationwide for real property located in Fort Bend, Texas.[1]

---

[1]Plaintiff's Original Petition, Request for Disclosure, Request for Production, and Interrogatories ("Original Petition"), Ex. C to Defendant Nationwide Property and Casualty Insurance Company's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-4, ¶ 1.

Ross alleges that on April 20, 2012, a hailstorm caused severe damage to the property, prompting him to file an insurance claim with Nationwide.[2] Brett Soety was assigned to adjust Ross's claim.[3] In his Original Petition Ross alleges that Soety adjusted the claim "by investigating, processing, evaluating, approving, and/or denying, in whole or in part, [the] claim."[4] Ross further alleges the following regarding Soety:

> 6. Defendant, Soety, improperly adjusted [Ross's] claim. Without limitation, Soety misrepresented the cause of, scope of, and cost to repair the damage to [Ross's] Property, as well as the amount of and insurance coverage for [Ross's] claim/loss under [Ross's] insurance policy. Soety made these and other misrepresentations to [Ross] as well as to Defendant, Nationwide. [Ross] and Nationwide both relied on Soety's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to [Ross's] Property, and [Ross] ha[s] been damaged as a result of such reliance. Soety's misrepresentations caused Nationwide to underpay [Ross] on [his] insurance claim and, as such, [Ross] ha[s] not been able to properly and completely repair the damages to [Ross's] property. . . .

> 7. Defendants, Nationwide and Soety, failed to properly adjust the claims and Defendants have denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by [Ross]. Soety adjusted [Ross's] property without inspecting the entire home.[5]

Ross filed his Original Petition in state court on October 23, 2012, asserting causes of action against Nationwide for breach of

---

[2]Id. ¶¶ 3-4.

[3]Id. ¶ 5; Notice of Removal, Docket Entry No. 1, ¶ 2.8.

[4]Original Petition, Ex. C to Notice of Removal, Docket Entry No. 1-4, ¶ 5.

[5]Id. ¶¶ 5-6.

contract and breach of the duty of good faith and fair dealing,[6] and against Nationwide and Soety for violations of the Texas Insurance Code and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").[7]

**B.    Removal and Pending Motion to Remand**

On November 30, 2012, Nationwide timely removed the action to this court under 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.[8]   There is no dispute as to the citizenship of any party involved.  Nationwide is a citizen of Ohio pursuant to 28 U.S.C. § 1332(c)(1).[9]   Ross and Soety are citizens of Texas.[10]   Nationwide argues that complete diversity exists, however, because Soety is improperly joined and should therefore be disregarded for purposes of determining subject matter jurisdiction.[11]    Ross   filed   his   Motion   to   Remand   on

---

[6]_Id._ at 6-7, 13.

[7]_Id._ at 7-13.

[8]Notice of Removal, Docket Entry No. 1, ¶¶ 2.1-.12.

[9]_Id._ ¶ 2.3.  Under 28 U.S.C. § 1332(c)(1) "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  Nationwide asserts, and Ross does not dispute, that Nationwide is incorporated under the laws of Ohio and maintains its principal place of business in Ohio.  Notice of Removal, Docket Entry No. 1, ¶ 2.3.

[10]Notice of Removal, Docket Entry No. 1, ¶¶ 2.2, 2.5.

[11]_Id._ ¶¶ 2.6-.10.

January 2, 2013, contending that Soety is a proper defendant who destroys diversity and that the amount in controversy does not exceed $75,000.[12] Nationwide has filed a response and sur-reply in opposition to the Motion to Remand,[13] and Ross has filed a reply and a sur-reply in support of the motion.[14]

## II.  <u>Subject Matter Jurisdiction</u>

### A.  Removal Jurisdiction

Generally, under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court.  See <u>Gasch v. Hartford Acc. & Indem. Co.</u>, 491 F.3d 278, 281 (5th Cir. 2007).  Federal courts have original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  Diversity jurisdiction requires complete diversity -- that is, the citizenship of each plaintiff must be diverse from the

---

[12]Motion to Remand, Docket Entry No. 11, pp. 5-16.

[13]Defendant Nationwide Property and Casualty Insurance Company's Response to Plaintiff's Opposed First Amended Motion to Remand ("Nationwide's Response"), Docket Entry No. 12; Defendant Nationwide Property and Casualty Insurance Company's Sur-Reply in Opposition to Plaintiff's Opposed First Amended Motion to Remand ("Nationwide's Sur-Reply"), Docket Entry No. 14.

[14]Plaintiff's Reply in Support of Plaintiff's Motion to Remand ("Ross's Reply"), Docket Entry No. 13; Plaintiff's Sur-Reply in Support of Plaintiff's Motion to Remand ("Ross's Sur-Reply"), Docket Entry No. 15.

citizenship of each defendant.  <u>Caterpillar Inc. v. Lewis</u>, 117 S. Ct. 467, 472 (1996).

Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal.  <u>Pullman Co. v. Jenkins</u>, 59 S. Ct. 347, 349 (1939); <u>Cavallini v. State Farm Mutual Auto Ins.</u>, 44 F.3d 256, 264 (5th Cir. 1995).  The removing party bears the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed.  <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002). Ambiguities or doubts are to be construed against removal and in favor of remand.  <u>Id.</u>

**B.   Improper Joinder**

The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.  <u>Borden v. Allstate</u>, 589 F.3d 168, 171 (5th Cir. 2009).  The court may ignore an improperly joined, non-diverse defendant in determining subject matter jurisdiction.  <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 572 (5th Cir. 2004) (en banc), <u>cert. denied</u>, 125 S. Ct. 1825 (2005).

A removing party attempting to prove improper joinder carries a heavy burden.  <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter</u>, 313 F.3d 305, 312 (5th Cir. 2002).  To establish that a non-diverse defendant has been improperly joined in order to defeat diversity jurisdiction the removing party must prove either

-5-

"'(1) actual fraud in the pleading of jurisdictional facts or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Smallwood, 385 F.3d at 573 (quoting Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)). Only the second method is at issue in this case.

Under this second type of improper joinder the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant." Smallwood, 385 F.3d at 573. A non-diverse defendant is thus improperly joined unless there is "arguably a reasonable basis for predicting that state law might impose liability." Great Plains Trust, 313 F.3d at 312 (internal quotation omitted). A "reasonable basis" requires more than a theoretical possibility of recovery. Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003).

Whether the plaintiff has alleged a valid cause of action "depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). Accordingly, a defendant can establish diversity -- and thereby defeat remand -- by showing that the plaintiff's state court petition fails to allege "specific actionable conduct" sufficient

-6-

to support a cause of action against a non-diverse defendant.  Id.
A mere formulaic recitation of the elements of a cause of action
asserted against a non-diverse defendant is not sufficient under
this standard.

In deciding whether a party was improperly joined all
unchallenged factual allegations, including those alleged in the
petition, are taken into account in the light most favorable to the
plaintiff, Smallwood, 385 F.3d at 575, and all contested factual
issues and ambiguities of state law are resolved in favor of the
plaintiff.  Gasch, 491 F.3d at 281.  The existence of a single
valid cause of action against a non-diverse defendant requires
remand of the entire case to state court.  Gray v. Beverly
Enterprises-Mississippi, Inc., 390 F.3d 400, 412 (5th Cir. 2004).

### III.  Motion to Remand

In his Motion to Remand Ross argues that subject matter
jurisdiction does not exist because complete diversity is lacking.
Nationwide contends that Soety was improperly joined solely to
defeat diversity.  Because the burden is on the removing party to
establish improper joinder, to avoid remand Nationwide must show
that there is no reasonable basis for the court to predict that
Ross may recover on even a single claim against Soety.  Nationwide
does not dispute that it is possible to maintain a cause of action
under the Texas Insurance Code against an individual adjuster.[15]

---

[15]Nationwide's Response, Docket Entry No. 12, ¶ 4.9.

Instead, Nationwide argues that the allegations against Soety are insufficient to establish a reasonable basis for the court to predict that Ross may recover against Soety.  Nationwide argues that Ross "fails to offer any specific facts in support of his claims against Soety . . . as distinct from his claims against Nationwide."[16]  Nationwide also argues more broadly that Ross "fails to offer any *actionable* facts in support of his claims" against Soety.[17]  The court does not agree.

Ross's Original Petition includes allegations that his property was damaged, that Soety was tasked with adjusting the claim, and that Soety failed to fulfill this task in the manner required by the Texas Insurance Code.  Specifically, under the heading "Cause of Action for Violation of Section 541 Against Nationwide and Soety," Ross alleges that Soety violated TEX. INS. CODE § 541.060(a)(1) by "misrepresenting to [Ross] material facts relating to the coverage at issue."[18]  Section 541.060(a)(1) prohibits an insurance adjuster from "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Nationwide is correct that in this section of the Original Petition, where Ross actually asserts his cause of action, he

---

[16]Notice of Removal, Docket Entry No. 1, ¶ 2.8.

[17]Nationwide's Response, Docket Entry No. 12, ¶ 4.14.

[18]Original Petition, Ex. C to Notice of Removal, Docket Entry No. 1-4, p. 7.

merely "restat[es] statutory language."[19]   This allegation alone
therefore cannot survive a claim of improper joinder.   But allega-
tions in the "Facts" section of the Original Petition buttress
Ross's cause of action under TEX. INS. CODE § 541.060(a)(1).   Ross
alleges that Soety, separate and apart from Nationwide, mishandled
the claim by misrepresenting "the cause of, scope of, and cost to
repair the damage to Ross's property"; misrepresenting the amount
of loss; and misrepresenting the insurance coverage for the loss.[20]
These allegations describe the sort of "specific actionable
conduct" that could, if proven true, establish Soety's liability
under TEX. INS. CODE § 541.060(a)(1).

Ross also alleges that Soety violated TEX. INS. CODE
§ 541.060(a)(7) by "refusing to pay [Ross's] claim without
conducting a reasonable investigation."[21]   Under § 541.060(a)(7) an
adjuster may not "refus[e] to pay a claim without conducting a
reasonable investigation with respect to the claim."   As with the
§ 541.060(a)(1) claim, the assertion of this cause of action is
insufficient, without more, to create a "reasonable basis" to
predict recovery.   Ross bolsters this cause of action, however, in
the "Facts" section, where he alleges that Soety personally

---

[19]See Nationwide's Sur-Reply, Docket Entry No. 14, ¶ 11.

[20]Original Petition, Ex. C to Notice of Removal, Docket Entry
No. 1-4, ¶ 6.

[21]Id. at 8.

"adjusted [Ross's] property without inspecting the entire home."[22] This allegation, if proven true, could establish liability under TEX. INS. CODE § 541.060(a)(7).

The court therefore concludes that a reasonable basis exists to predict that Ross might prevail on his claims under TEX. INS. CODE § 541.060(a)(1) and (7).[23]   In other words, the "factual fit" between Ross's allegations and recovery under § 541.060(a)(1) and (7), see Griggs, 181 F.3d at 701, "arguably [creates] a reasonable basis for predicting that state law might impose liability" on Soety. See Great Plains Trust, 313 F.3d at 312.  The court has so concluded by applying well-established precedent concerning improper joinder.  The court rejects Nationwide's contention that Ross "is required to satisfy Federal Rules of Civil Procedure 8, 9, and 12(b)(6)."[24]  The framework that has developed for the purpose of determining improper joinder *vel non* is distinct from the framework that applies to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[25]  In fact, the notion that a federal

---

[22]Id. ¶ 7.

[23]The court need not consider whether Ross's DTPA claims are sufficient because the Texas Insurance Code claims alone establish that Soety was not improperly joined. See Gray, 390 F.3d at 412 (a single valid cause of action against a non-diverse defendant requires the district court to remand the entire case).

[24]Nationwide's Sur-Reply, Docket Entry No. 14, ¶ 1.

[25]The court recognizes precedent establishing that the standard for evaluating whether a reasonable basis exists for purposes of
(continued...)

-10-

district court must apply _Twombly_ and _Iqbal_ is belied by the fundamental language used to describe the second method of proving improper joinder, i.e., "[an] inability of the plaintiff to establish a cause of action against the non-diverse party _in state court._" See _Smallwood_, 385 F.3d at 573 (emphasis added).   The court concludes that Nationwide has not met its burden to establish such an inability.

## IV.  Conclusion and Order

Viewing the Original Petition in a light most favorable to Ross, see _Smallwood_, 385 F.3d at 575, and resolving all doubts and ambiguities in favor of remand, see _Manguno_, 276 F.3d at 723, the court concludes that Nationwide has not carried its burden to show that Ross has no reasonable possibility of recovery against Soety. The court therefore concludes that Soety is properly joined as a defendant in this action.  Because complete diversity is lacking, this case must be remanded for lack of subject matter jurisdiction. The court expressly declines to address any arguments raised by the parties relating to the satisfaction of the jurisdictional minimum under 28 U.S.C. § 1332.

---

[25](...continued)
improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6).  See, e.g., _Campbell v. Stone, Inc._, 509 F.3d 665, 669 (5th Cir. 2007). But the court does not consider this precedent to be a directive to strictly apply _Twombly_ and _Iqbal_ when the relevant inquiry is whether the plaintiff has pleaded -- for jurisdictional purposes -- valid state law claims in state court.

Accordingly, John Ross's Opposed First Amended Motion to Remand (Docket Entry No. 11) is **GRANTED**. This action is **REMANDED** to the 400th Judicial District Court of Fort Bend County, Texas. The Clerk of Court is directed to promptly send a copy of this Memorandum Opinion and Order of remand to the District Clerk of Fort Bend County, Texas.

**SIGNED** at Houston, Texas, on this 26th day of March, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE